OPINION OF THE COURT
Joseph Gerace, J.
*362 Respondent McEntarfer received his absentee ballot, as an approved physically disabled voter. As she had done in prior elections, his wife delivered the completed ballot to the polling place in his election district on Election Day. The ballot was accepted by the inspector at the polling place.
The statute provides that an absentee ballot may be mailed to the Board (if postmarked no later than the day before Election Day) or delivered to the Board of Elections. (Election Law §§ 8-410, 8-412.)
The issue here is whether the inspectors of elections at polling places in Chautauqua County may legally accept absentee ballots delivered to them.
Respondent McEntarfer contends this has been the practice for the Chautauqua County Board of Elections.
The Election Commissioners could not agree and have filed opposing affidavits. Commissioner Niebel alleges: “upon information and belief and to the best of my recollection, at no time in my tenure as an election commissioner has any agreement or policy been made, put in place or enacted which would lead anyone to be able to conclude or assert that a polling place was an arm or extension of the Office of the Board of Elections.”
Commissioner Porpiglia attached to his affidavit copies of three envelopes from previously counted absentee ballots. He also attached a manila absentee envelope which the Board delivers to all polling places. Printed in black, one-half-inch high letters appear the words “absentee ballot”, and, in smaller print, “Town or City of [Pomfret] Ward_Election District-”. There are four lines for the inspectors to sign above the word: “Inspectors”.
Directions at the top left corner of the envelope read as follows: “(note: Insert all Non-Military Absentee Ballots—Sign, Seal and Return to Board of Elections).”
This court holds that where the Board of Elections provides special nonmilitary absentee ballot envelopes for the express use of the election inspectors at the polling places to receive and deliver absentee ballots to the Board of Elections, absentee ballots may be accepted at the polling place on Election Day. Although unwritten, this activity by the Chautauqua County Board of Elections establishes a practice and a policy.
Commissioner Porpiglia, appearing pro se, stated in open court that: “It has been established practice at the Board to receive absentee ballots dropped at the polling place * * * I have gone on the contention in the past that they are an exten-
*363 sion of the Board of Elections. We have received them, we have properly canvassed and counted those votes, not only in the past but also this year we’ve counted them in our canvass of other races”.
Commissioner Porpiglia also stated that: “in 1995 we had a similar case * * * somewhat parallel to this situation * * * with a twelve/twelve split with a race to be decided by absentee ballots, and in that race we as commissioners conducted the canvass, and at that time we did count absentee ballots that were dropped at the poles [sic].”
One of the envelopes from previously counted absentee ballots he attached to his affidavit was from the 1995 race.
The affidavits of Commissioner Porpiglia and the McEntarfers clearly establish that the Board of Elections has adopted a policy and a practice of allowing inspectors at the polling places in the County to accept absentee ballots.
The McEntarfer ballot should be cast and counted.
On Election Day, the polling places for each election district are extensions of the central offices of the Board of Elections. The Board is authorized by statute to establish “branch offices” in a number it deems appropriate. (Election Law § 3-214 [2].)
If the Board determines by its policy and procedure that it will accept absentee ballots delivered to polling places on Election Day, it certainly has that inherent authority.
It has been held that the central Board offices will be deemed a voter’s “polling place” for certain purposes. (Matter of Falcher, 107 Misc 2d 296.) Construing the Board’s decision to consider its various polling places as branch offices of the Board, for purposes of accepting absentee ballots on Election Day, does no violence to the statute.